# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. ROBYN RENEE RAINER

**Appeal from the Circuit Court for Blount County**
**No. C-12194    D. Kelly Thomas, Jr., Judge**

---

### No. E2001-01677-CCA-R3-CD
### July 9, 2002

---

The Defendant, Robyn Renee Rainer, pled guilty to one count of possession of cocaine with intent to sell and deliver.  Her plea agreement included an agreed sentence of eight years as a Range I standard offender, with the manner of service to be imposed by the trial court.  After a hearing, the trial court placed the Defendant on community corrections.  Following the Defendant's second violation of the terms of her community corrections sentence, the trial court revoked the Defendant's community corrections status and ordered that her sentence be served in the Department of Correction.  The Defendant now appeals the trial court's ruling.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Shawn W. Graham, Maryville, Tennessee, for the appellant, Robyn Renee Rainer.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Mike Flynn, District Attorney General; and John Bobo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was placed on community corrections status on June 28, 2000.  Less than a year later, the Defendant was found to be in violation of the terms of her sentence.[1]  Nevertheless, the trial court allowed the Defendant to remain in her community corrections program.  Less than

---

[1]After the first violation warrant was filed, the Defendant stipulated that she had violated the terms of her sentence by being arrested for possession of drug paraphernalia in February 2001, and by testing positive for cocaine use.

one month later, the Defendant's community corrections supervisor filed a second affidavit asserting that the Defendant had again violated the conditions of her sentence. After another hearing, the trial court found that the Defendant had again violated the terms of her community corrections sentence and ordered that her community corrections status be revoked and that the Defendant serve her sentence in the Department of Correction. It is from this order that the Defendant now appeals.

A defendant's sentencing court possesses the power to revoke a community corrections sentence "at any time due to the conduct of the defendant." Tenn. Code Ann. § 40-36-106(e)(4). Upon revocation, the trial court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Id. This Court will not reverse the revocation of a community corrections sentence absent an abuse of discretion. See State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). In order for this Court to find an abuse of discretion warranting the reversal of a community corrections revocation, we must determine that the record contains no substantial evidence to support the trial court's conclusion that a violation of the conditions of the sentence has occurred. Id. The proof of a violation of a community corrections sentence need not be established beyond a reasonable doubt, and is sufficient if it allows the trial court to make a conscientious and intelligent decision. Id.

Pat Ballard, the Defendant's community corrections supervisor, testified that the Defendant tested positive for cocaine use on May 4, 2001. Ms. Ballard stated that the Defendant had also admitted to her that she had used alcohol the same day. That same month, the Defendant provided false information to Ms. Ballard concerning her whereabouts. The Defendant also failed to attend several required meetings. Ms. Ballard opined that the Defendant appeared to have fallen into "full cocaine relapse." On May 15, 2002, Ms. Ballard filed the second violation warrant against the Defendant.

The Defendant testified that she was thirty-three years old, single, with three minor children. She admitted that she had relapsed into some cocaine use, but stated that it was "no more than twice." The Defendant testified that she needed rehabilitation in order to keep away from drugs. She further stated that she had been using drugs since she was fourteen or fifteen years old. On cross-examination, the Defendant explained that she had been in two treatment programs for her depression, but had not been in any programs for drug or alcohol abuse. She admitted to having consumed alcohol at her mother's house in May. She further admitted to using cocaine at a shelter and to sharing some while "socializing" with her aunt and sister.

After hearing the evidence, the trial court found that the Defendant had violated the terms of her community corrections sentence. The judge noted that this was not the Defendant's first violation, and commented that the Defendant was "running from" the sentencing program rather than trying to work with it.

The record clearly reflects that substantial evidence supports the trial court's ruling. The trial court returned the Defendant to her community corrections program after her first violation.

Nevertheless, she quickly violated the terms of her sentence again, engaging in cocaine use at least twice, and alcohol consumption at least once. She refused to attend her required meetings and misled her supervisor about her whereabouts. The trial court noted that the Defendant had relapsed twice and was not working with the program, but avoiding it. The trial court expressly rejected a term of split confinement. The Defendant has failed to establish any abuse of discretion, and we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE